1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                           EASTERN DISTRICT OF CALIFORNIA

10                               ----oo0oo----

11  SHASTA LINEN SUPPLY, INC., a     CIV. NO. 2:16-158 WBS AC
    California corporation, on
12  behalf of itself and all         ORDER RE: MOTION TO DISMISS
    those similarly situated,
13
                   Plaintiff,
14
          v.
15
    APPLIED UNDERWRITERS, INC., a
16  Nebraska corporation; APPLIED
    UNDERWRITERS CAPTIVE RISK
17  ASSURANCE COMPANY, a British
    Virgin Islands company;
18  CALIFORNIA INSURANCE COMPANY,
    a registered California
19  insurance company; APPLIED
    RISK SERVICES, INC., a
20  Nebraska corporation,

21                 Defendants.

22

23                               ----oo0oo----

24          Plaintiff Shasta Linen Supply, Inc. filed this putative

25  class action alleging claims for fraud and unfair competition

26  against defendants Applied Underwriters, Inc. ("AU"), Applied

27  Underwriters Captive Risk Assurance Company, Inc. ("AUCRA"),

28  Applied Risk Services, Inc. ("ARS"), and California Insurance

                                    1

Company, Inc. ("CIC"), and seeking to represent a class of California employers who purchased an EquityComp workers' compensation insurance program from defendants.[1]  (See First Am. Compl. ("FAC") (Docket No. 5).)

Plaintiff alleges that, in 2009, defendants marketed the EquityComp program to plaintiff and provided an estimate that plaintiff's annual cost for the program would be between $107,541 and $368,457.  (Id. ¶¶ 22-23.)  Based on defendants' marketing materials, plaintiff entered into the EquityComp program and was issued a workers' compensation insurance policy that became effective on January 1, 2010.  (Id. ¶¶ 2, 24.)  Then, on January 5, 2010, defendants allegedly required plaintiff to execute a Reinsurance Participation Agreement ("RPA"), which modified the existing policy's rates, payment obligations, choice of law, and dispute resolution mechanism.  (Id. ¶ 24, Ex. 1 ("RPA").)

Plaintiff alleges that it incurred significantly higher costs for the EquityComp program than defendants had marketed. Plaintiff claims that defendants used the RPA to charge excessive rates and additional fees to plaintiff and other program participants.  Plaintiff also alleges that defendants deliberately misrepresented the costs of the EquityComp program in their marketing materials to induce plaintiff to rely on those costs and enter the program.  (Id. ¶¶ 30-32, 55-64.)

Plaintiff also alleges that the RPA modified the terms

---

[1]   AU is an indirect subsidiary of Berkshire Hathaway, Inc. and is the parent company of AUCRA and ARS.  AU is also the parent company of North American Casualty Company, which is the parent company of CIC.

2

1   of the existing insurance policies under the EquityComp program

2   by "control[ling] the insurance rates for each program

3   participant."  (FAC ¶ 27; see id. ¶ 46 (alleging that "the RPA

4   controlled the rates paid by Plaintiff" under the existing

5   policy).)  Plaintiff also alleges that defendants, through the

6   RPA, unlawfully charged plaintiff and the putative class

7   "excessive rates."  (Id. ¶ 59.)  Plaintiff claims that the RPA's

8   rates are void because, among other things, defendant did not

9   file the rates with the Insurance Commissioner as required by

10  California Insurance Code § 11735.  (Id. ¶ 3.)[2]

11          Defendants state that their motion to dismiss is

12  "narrowly tailored to attack Plaintiff's claims to the extent

13  that they seek to invalidate the RPA's rates on the theory that

14  [the RPA] is an unfiled rate plan" pursuant to § 11735.  (Defs.'

15  Reply at 7 (Docket No. 26).)  They argue that, "[t]o the extent

16  Plaintiff's claims seek to void the RPA's payment obligations on

17  the ground that it has not been filed, those claims for relief

18  must be dismissed because . . . an unfiled rate is not an

19  unlawful rate."  (Id. at 1.)

20          California's Workers' Compensation Act, Cal. Lab. Code

21  § 3200 et seq., requires most employers to buy workers'

22  compensation insurance as a condition of doing business in

23  California.  See Cal. Lab. Code § 3700.  The Legislature has

24  granted broad authority to the California Department of Insurance

25  ("CDI"), its Commissioner, and the Workers' Compensation

26

27  ───────────────

28          [2]   All statutory references are to the Insurance Code
    unless otherwise specified.

Insurance Rating Bureau of California ("WCIRB") to regulate workers' compensation insurance programs that are provided to employers.  See Cal. Ins. Code §§ 11750.3, 11751, 12921.[3]

Section 11735 requires every insurer to "file with the commissioner all rates, rating plans, and supplementary rate information that are to be used" by the insurer at least 30 days before their effective date.  Cal. Ins. Code § 11735(a).  Section 11737 additionally provides that "[t]he commissioner may disapprove a rate if the insurer fails to comply with the filing requirements under Section 11735."  Id. § 11737(a).  As defendants correctly point out, the use of a rate that has not been filed as required by § 11735 is not an unlawful rate unless and until the Commissioner conducts a hearing and disapproves the rate.  See id. § 11737; Cal. Code Regs. tit. 10, § 2509.33(c) ("A disapproval of a rate filing . . . shall occur only by order of the Commissioner after a hearing.").

The Complaint does not contain any allegations that the Commissioner had conducted a hearing and disapproved the RPA's rates.  Plaintiff thus fails to state a claim that the RPA's rates are void based on defendants' alleged failure to comply with § 11735.  Accordingly, the court will grant defendants'

---

[3]    The WCIRB is a rating organization that assists the Insurance Commissioner in developing and administering workers' compensation insurance classification and rating systems.  Id. § 11751.5.  Among other things, the WCIRB provides the Commissioner with statistics and rating information, formulates rules and regulations in connection with insurance rates, and "examine[s] policies, daily reports, endorsements or other evidences of insurance for the purpose of ascertaining whether they comply with the provisions of law and to make reasonable rules governing their submission."  Id. § 11750.3.

motion to dismiss plaintiff's claims to the extent they seek to void the RPA's rates on the theory that defendants failed to comply with § 11735.  Plaintiff's UCL and fraud claims, however, are not limited to the grounds that defendants challenge here.[4] Thus, in all other respects, defendants' motion will be denied.

IT IS THEREFORE ORDERED that defendants' motion to dismiss plaintiff's First Amended Complaint, (Docket No. 17), be, and the same hereby is GRANTED to the extent that plaintiff seeks to invalidate the Reinsurance Participation Agreement on the theory that defendants violated California Insurance Code § 11735; and DENIED in all other respects.

Dated:   June 20, 2016

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[4]     Plaintiff alleges, for example, that defendants violated the UCL because they failed to comply with Insurance Code § 11658, engaged in unfair business practices, and engaged in deceptive and fraudulent business acts.  (FAC ¶¶ 40-54.)